UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDRA DE LA A GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05920 |
| | § | |
| RANDALL TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Alexandra De La A Garcia's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response and Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (Doc. #10), and Petitioner's Reply (Doc. #11). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

### I. Background

Petitioner Alexandra De La A Garcia ("Petitioner"), a citizen of Ecuador, first entered the United States without inspection on December 27, 2023. Doc. #1, Ex. 2 at 12. Several months later, she fled Ecuador "due to escalating violence, targeted threats, and severe economic instability." Doc. #1 at 10. On April 14, 2024, Petitioner entered the United States again, "seeking protection from the dangerous conditions" of her home country. *Id.*; Doc. #1, Ex. 2 at 12. On April 17, 2024, she was apprehended by Immigration and Customs Enforcement ("ICE") and placed in removal proceedings before the Houston Greenspoint Park Immigration Court. Doc. #1, Ex. 2 at 6. ICE served a Notice to Appear on Petitioner which designated her as "an alien present

in the United States who has not been admitted or paroled," rather than "an arriving alien." *Id.* ICE also released her on recognizance the same day. Doc. #1, Ex. 2 at 10. Petitioner later filed an application for asylum, which remains pending. *Id.* at 12–23. After her release, the record shows Petitioner regularly presented for check-in appointments with ICE. *Id.* at 25–28. She claims that during her time in the United States, she "as been an active, contributing member of her community." Doc. #1 at 10. She has no criminal history. *Id.*; Doc. #10 at 2.

On or about November 21, 2025, Petitioner was arrested while attending an ICE check-in appointment. Doc. #1 at 11. She was taken into custody at that time and is currently detained at the Montgomery Processing Center in Conroe, Texas. Doc. #1 at 11; Doc. #10 at 2. On December 9, 2025, Petitioner filed the Petition for Writ of Habeas Corpus before this Court. Doc. #1. The same day, she also petitioned for a temporary restraining order and injunctive relief. Doc. #2. Respondents moved for summary judgment on January 5, 2026. Doc. #10.

## II. Legal Standards

### a. Federal Rule of Civil Procedure 56

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing Fed R. Civ.

P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

### b. Petition for Writ of Habeas Corpus

To be entitled to the issuance of a writ of habeas corpus, a habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### III. Analysis

Respondents move for summary judgment, arguing that (1) Petitioner failed to exhaust her administrative remedies; and (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #10 at 3–6. The Court has considered and rejected these arguments in recent cases presenting the same legal issues. *See Lopez-Tipaz v. Noem, et al.*, 4:25-cv-4905 (S.D. Tex. Nov. 25, 2025); *Martinez Mendez v. Noem, et al.*, 4:25-cv-4981 (S.D. Tex. Nov. 25, 2025). In these cases, the Court concluded the petitioners were unlawfully detained and entitled to habeas relief. *See Lopez-Tipaz*, 4:25-cv-4905, at 6–7; *Martinez Mendez*, 4:25-cv-4981, at 7. The Court's reasoning there applies with equal force here.

Respondents first argue that Petitioner failed to exhaust her administrative remedies by not seeking a bond before an immigration judge. Doc. #10 at 3. The Court finds that exhaustion does not bar the Court's review because it is not a statutory requirement in the circumstances of this case. *See Buenrostro-Mendez v. Bondi*, No. 4:25-cv-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (waiving exhaustion in a similar case where the issue largely "boil[ed] down to a matter of statutory interpretation"). Respondents next argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #10 at 4–5. The Court finds Petitioner is not governed by § 1225(b)(2), which applies to noncitizens seeking admission at a port of entry or near the border. *See Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *5 (S.D. Tex. Nov. 14, 2025). Rather, the Court finds that Petitioner falls within the ambit of § 1226(a) because she has been continuously present in the United States for over a year. *See Lopez-Tipaz*, 4:25-cv-4905, at 6 ("[T]he Court finds that the weight of authority supports applying 8 U.S.C. § 1226(a) to individuals like [p]etitioner who have long been present in the United States."); *see also Martinez Mendez*, 4:25-cv-4981, at 7 ("[T]he Court concludes that [p]etitioner is detained under 8 U.S.C. § 1226(a) and that his continued detention without a bond determination renders his detention unlawful."). Therefore, consistent with its prior decisions, the Court determines that the appropriate remedy is immediate release. *See Lopez-Tipaz*, 4:25-cv-4905, at 7; *Martinez Mendez*, 4:25-cv-4981, at 7.

For the foregoing reasons, Respondents' Motion for Summary Judgment (Doc. #10) is DENIED. Furthermore, the Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED. Finally, the Petition for Temporary Restraining Order and Request for Injunctive Relief (Doc. #2) is DENIED AS MOOT.

It is hereby ORDERED that:

1. Respondents are directed to release Petitioner from custody, under appropriate conditions of release, within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and her counsel shall be given notice of the time and place of her release;
2. Petitioner shall comply with all reporting requirements set by ICE while her removal proceedings remain pending;
3. This Order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

__JAN 2 3 2026__
Date

The Honorable Alfred H. Bennett
United States District Judge